**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

FILED by ___ D.C.
FEB 24 2010
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

BRITTO CENTRAL, INC., a Florida corporation, and
ROMERO BRITTO, an individual,

Plaintiffs,

Case No.:

vs.

LES ROBERTS, an individual,
LES ROBERTS, JR., an individual,
SILVIA CASTRO, an individual,
CORAL GABLES GALLERIES, INC., a Florida corporation,
JOHN DOE 1, and JOHN DOE 2.

Defendants.
_______________________________/

## COMPLAINT FOR DAMAGES, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiffs, BRITTO CENTRAL, INC. and ROMERO BRITTO, by and through undersigned counsel, hereby sue Defendants, LES ROBERTS, LES ROBERTS, JR., SILVIA CASTRO, CORAL GABLES GALLERIES, INC., JOHN DOE 1 and JOHN DOE 2 (collectively, "Defendants"), for damages, preliminary and permanent injunctive relief, as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement, trademark infringement and unfair competition, violations of the Florida Deceptive and Unfair Trade Practices Act and Florida's publicity right statute, and for preliminary and permanent injunctive relief.

2. Plaintiff, Romero Britto, is a world renowned artist. His unique and colorful works are exhibited in galleries and museums across the globe. In addition to his numerous artistic

commercial ventures, Mr. Britto also generously devotes his time and work towards several charitable organizations. Plaintiff, Britto Central, Inc. represents Mr. Britto's works and engages in various business ventures related to such artistic works.

3. As fully set forth herein, Defendants have engaged in a scheme of counterfeiting, forgery and deceit in order to trade upon and profit from the goodwill and widespread popularity of Mr. Britto's unique artistic works.

4. The actions of Defendants have and will continue to cause substantial and irreversible damage to Plaintiffs unless immediately enjoined. Defendants have been and continue to be engaged in: (a) forging and copying Plaintiff's unique and/or copyrighted works without Plaintiffs' authorization and selling such infringing works; (b) using Plaintiffs' trademark, trade name and reputation without Plaintiffs' authorization; and (c) passing off such unauthorized works as original, genuine works of Plaintiffs and engaging in other unlawful acts of unfair competition.

5. Specifically, Plaintiffs allege that Defendants, LES ROBERTS, LES ROBERTS, JR., SILVIA CASTRO, CORAL GABLES GALLERIES, INC., and unknown Defendants have schemed and conspired to produce and sell counterfeit and unauthorized copies of Plaintiffs' copyrighted works which are purposely designed to be similar if not identical to Plaintiffs' works, causing confusion among consumers. Indeed, Defendants, LES ROBERTS, LES ROBERTS, JR., SILVIA CASTRO, CORAL GABLES GALLERIES, INC., are selling forged and counterfeit copies of Britto artwork to art dealers and consumers and are passing them off as authentic, original works of Plaintiffs.

6. Further, Defendants, LES ROBERTS, LES ROBERTS, JR., SILVIA CASTRO, CORAL GABLES GALLERIES, INC., are conveying the false impression that Plaintiffs have


**ZARCO EINHORN SALKOWSKI & BRITO**
**BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**

licensed, approved, sponsored, endorsed or are otherwise affiliated with them by using Plaintiffs' trademark, reputation and trade name in Defendants' art gallery/art dealer businesses.

7. Plaintiffs seek a preliminary and permanent injunction to enjoin Defendants' from continuing their unlawful scheme and from representing themselves as approved or otherwise affiliated with Plaintiffs. Plaintiffs further seek an Order requiring that the counterfeit and infringing works be impounded and destroyed. Finally, Plaintiffs seek to recover their damages from Defendants including an order requiring Defendants to disgorge their unlawful profits and to reimburse Plaintiffs for their reasonable attorneys' fees and costs incurred in pursuing this action.

**PARTIES**

8. Plaintiff, BRITTO CENTRAL, INC. ("BCI"), is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

9. Plaintiff, ROMERO BRITTO ("BRITTO"), is an individual over the age of eighteen (18), is *sui juris*, and resides in Miami-Dade County, Florida. BRITTO is the creator of the original artwork that Defendants unlawfully copied and sold, as more specifically alleged herein.

10. Defendant, LES ROBERTS ("ROBERTS"), is an individual over the age of eighteen (18), is *sui juris*, and resides in Miami-Dade County, Florida. ROBERTS is engaged in a scheme to produce unauthorized copies of Plaintiffs' copyrighted works. ROBERTS not only assigns fake item numbers to the artwork, but also forges fake certificates of authenticity ("COAs") for these copies in order to pass off such counterfeit and unauthorized works as original works of BRITTO. ROBERTS also sells unauthorized copies of Plaintiffs' copyrighted



ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

works to art dealers and consumers through fraud and deceit by passing the counterfeit artwork off as authentic, original works of BRITTO.

11. Defendant, LES ROBERTS, JR. ("ROBERTS JR"), is an individual over the age of eighteen (18), is *sui juris*, and resides in Miami-Dade County, Florida. ROBERTS, JR., is engaged in a scheme to produce unauthorized copies of Plaintiffs' copyrighted works. ROBERTS, JR. not only assigns fake item numbers to the artwork, but also forges fake COAs for these copies in an attempt to legitimize Defendants' false representations that the unauthorized copies are original works of BRITTO. ROBERTS JR also sells unauthorized copies of Plaintiffs' copyrighted works to art dealers and consumers by defrauding them and by passing the counterfeit artwork off as authentic, original works of BRITTO.

12. Defendant, SILVIA CASTRO ("CASTRO"), is an individual over the age of eighteen (18), is *sui juris*, and resides in Miami-Dade County, Florida. CASTRO is engaged in a scheme to produce unauthorized copies of Plaintiffs' copyrighted works. CASTRO not only assigns fake item numbers to the artwork, but also forges fake COAs for these copies in an attempt to legitimize Defendants' false representations that the unauthorized copies are original works of BRITTO. CASTRO also sells unauthorized copies of Plaintiffs' copyrighted works to art dealers and consumers by defrauding them and by passing the counterfeit artwork off as authentic, original works of BRITTO.

13. Defendant, CORAL GABLES GALLERIES, INC. ("GABLES GALLERIES"), is a Florida corporation with its principal place of business in Miami-Dade County, Florida. GABLES GALLERIES is owned and controlled by ROBERTS. It operates art galleries located at 2994 McFarlane Road, Coconut Grove, Florida and 293 Miracle Mile, Coral Gables, Florida. GABLES GALLERIES is engaged in the unauthorized use of Plaintiffs' name, trademark and


ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

reputation to suggest sponsorship or an implied endorsement of its art galleries by Plaintiffs. GABLES GALLERIES also sells unauthorized copies of Plaintiffs' copyrighted works to art dealers and consumers by defrauding them and by passing the counterfeit artwork off as authentic, original works of BRITTO.

14. Defendant, JOHN DOE #1, is an individual over the age of eighteen (18), is *sui juris*, and is believed to reside in the State of Florida. JOHN DOE #1 has engaged and actively participated in a scheme to produce unauthorized copies of Plaintiffs' copyrighted works and has schemed and conspired with ROBERTS, ROBERTS JR, CASTRO, and GABLES GALLERIES, to pass off and sell these counterfeit works to art dealers and consumers as authentic, original BRITTO artwork.

15. Defendant, JOHN DOE #2, is an individual over the age of eighteen (18), is *sui juris*, and is believed to reside in the State of Florida. JOHN DOE #2 has engaged and actively participated in a scheme to produce unauthorized copies of Plaintiffs' copyrighted works and has schemed and conspired with ROBERTS, ROBERTS JR, CASTRO, and GABLES GALLERIES, to pass off and sell these counterfeit works to art dealers and consumers as authentic, original BRITTO artwork.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this case pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1338, and 1367(a).

17. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## GENERAL ALLEGATIONS

18. BRITTO is a world-renowned contemporary pop artist whose artwork is inherently distinctive and unique. His artwork ranges from paintings, graphics, sculptures, object


ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

art, collectibles among other types of work. BCI represents the artwork of BRITTO. BRITTO is the author of the original works of art that Defendants have unlawfully copied and sold. Such original works of art of BRITTO are fixed in a tangible form and have been published. As such, BRITTO owns the copyrights to his artwork, and licenses the copyrights of his artwork to BCI.

19. BCI also owns the Romero Britto trademark, Serial No. 77889306. Both BCI and BRITTO have used the trademarks and trade names in BRITTO's artwork on the BRITTO website (www.britto.com) and at BCI's galleries in Miami, Florida and Sao Paulo, Brazil.

20. BCI authorizes a select group of art dealers throughout the world to represent BRITTO artwork and to sell BRITTO's copyrighted works. (A true and correct copy of the list of Authorized BRITTO Representatives are attached hereto as **Exhibit "A"**). Plaintiffs do not authorize any of the Defendants to sell Plaintiffs' copyrighted works or to use the BRITTO trademark, trade names and reputation to imply that they have an affiliation, are authorized BRITTO representatives, or are in any way associated with BCI or BRITTO.

21. Further, Plaintiffs have not and do not authorize any of the Defendants to make copies of Plaintiffs' copyrighted works.

22. Defendants had access to Plaintiffs' copyrighted works through the publication and/or display of these works. In addition, Defendants had access to Plaintiffs' copyrighted works and Plaintiffs' confidential and proprietary information through the prior, but now severed, relationship that ROBERTS, ROBERTS JR. and GABLES GALLERIES had with Plaintiffs' wholesale business, Magical Thinking Art. Specifically, ROBERTS and ROBERTS JR. were able to gain access, albeit unauthorized and without Plaintiffs' knowledge, to the inner workings of Plaintiffs' private studio through one of Magical Thinking Art's sales representatives.



ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

23. Defendants are creating unauthorized copies of BRITTO's copyrighted canvas paintings that are designed to be similar to BRITTO's copyrighted works, including, but not limited to, the following named pieces:

"Love In Bloom"

"Lustful Kisses"

"True Love"

"My Kind of Party"

"Martini for One"

"Red Diamond"

"His & Hers"

"Brand New Day Series II"

"Two of a Kind"

"Untitled Butterfly"

"Untitled, Smiling Girl with Skirt"

"Untitled, Girl with Heart on Shirt II"

"Untitled, Girl with Heart on Shirt"

24. Defendants are selling these counterfeit copies to consumers directly in their art gallery businesses, through E-Bay, or to art dealers, such as non-party Griffin Gallery in Edina, Minnesota,[1] who then re-sells these counterfeit and infringing copies to unsuspecting consumers. Indeed, BCI has become aware of at least six (6) individuals who purchased counterfeit BRITTO works, believing them to be authentic originals, either directly or indirectly from Defendants.

[1] Plaintiff presently believes that Griffin Gallery was a victim of Defendants' fraudulent scheme and purchased several pieces of counterfeit BRITTO artwork believing them to be authentic pieces, as represented to it by Defendants. However, Griffin Gallery's involvement in the scheme remains under investigation.



ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

25. Defendants are infringing upon Plaintiffs' copyrights by creating unauthorized reproductions of Plaintiffs' copyrighted works, selling these unauthorized copies that are designed to appear to be Plaintiffs' copyrighted works, and falsely claiming that BRITTO has authored such works, all in violation of federal and common law. Defendants are further injuring Plaintiffs by causing these unauthorized reproductions of Plaintiffs' copyrighted works to be sold at prices substantially below the fair market value, devaluing Plaintiffs' copyrighted works and the tremendous goodwill associated therewith.

26. Further, in an elaborate attempt to legitimize these counterfeit BRITTO works as authentic originals, Defendants forged BRITTO's signature on the counterfeit paintings, assigned fake catalog numbers that BCI assigns to each of BRITTO's unique copyrighted paintings, and created false COA's that BRITTO issues with each original piece of art.

27. ROBERTS, ROBERTS JR., CASTRO AND GABLES GALLERIES are also falsely representing to consumers that they are obtaining original works of BRITTO from Brazil, through one or more of BRITTO's relatives, in a further attempt to deceive consumers and lead them to believe that the counterfeit BRITTO artworks are originals. For example, when the fake catalog numbers on the counterfeit artwork failed to match any catalog numbers in BCI's system, ROBERTS represented to consumers that this was because the paintings came from Brazil and were logged in a different system than BCI used in the United States. ROBERTS also represented to a consumer who unknowingly purchased several counterfeit BRITTO works that the prices were slightly below normal wholesale because they were produced for Brazil, a foreign market which cannot achieve the pricing realized for BRITTO artwork in the United States. ROBERTS insisted that while these pieces of BRITTO art were not intended for sale in



ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

the United States, they were nonetheless authentic, original works of BRITTO. All of these representations made by Defendants regarding Brazil are fabricated and false.

28. Accordingly, Defendants are not only creating unauthorized reproductions of Plaintiffs' copyrighted works bearing the BRITTO trademark, but are also passing these works off as originals, causing substantial customer confusion as to the source and authorship of the paintings.

29. Defendants' infringement of Plaintiffs' copyrighted works is willful, deliberate and committed with prior notice and knowledge of Plaintiffs' copyrights. Defendants' wrongful conduct has caused and continues to cause significant and irreparable harm to Plaintiffs.

30. In addition to infringing upon Plaintiffs' copyrighted works, Defendants ROBERTS and GABLES GALLERIES are, without authorization, using in the operation of their art gallery/art dealer businesses, Plaintiffs' trade name, trademark and reputation, and otherwise falsely suggesting sponsorship or an implied endorsement of ROBERTS' and GABLES GALLERIES' art gallery/art dealer businesses by Plaintiffs.

31. Specifically, ROBERTS and GABLES GALLERIES are using in their art galleries located at 2994 McFarlane Road, Coconut Grove, Florida (the "Grove Gallery") and 293 Miracle Mile, Coral Gables, Florida (the "Coral Gables Gallery"), Plaintiffs' name, trademark and reputation without authorization and in such a way that falsely suggests to consumers that such galleries are authorized art dealers of BRITTO. Moreover, ROBERTS and GABLES GALLERIES have referred to the Grove Gallery as "Britto In The Grove," and in selling artwork, ROBERTS has signed his e-mail communications as "Les Roberts, Britto In The Grove."

32. Indeed, because of ROBERTS' and GABLES GALLERIES' wrongful use of



ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

Plaintiffs' name, trademark and reputation in their art gallery businesses, consumers are confused and falsely believe that the Grove Gallery is an authorized BRITTO dealer.

33. As a result of ROBERTS' and GABLES GALLERIES' use of Plaintiffs' trademark, name and reputation without Plaintiffs' consent for the purpose of commercial and/or financial advantage, Plaintiffs have suffered injury and will continue to do so unless such unauthorized use is permanently stopped.

34. The actions of Defendants have required Plaintiffs to retain legal counsel to represent them in this action and Plaintiffs are obligated to pay reasonable attorneys' fees for their services. Plaintiffs seek to recover their reasonable attorneys' fees and costs in pursuing this action from Defendants as authorized by law.

## CAUSES OF ACTION

### - COUNT I -
### COPYRIGHT INFRINGEMENT

35. Plaintiffs repeat and incorporate by reference each and every allegation set forth in paragraphs 1 through 34, *supra*, as if fully set forth herein.

36. BRITTO is the author of the original works of art that Defendants have unlawfully copied and sold, and licenses the copyrights of his artwork to BCI. Such original works of art of BRITTO are fixed in a tangible form and have been published. As such, BRITTO owns the copyrights to his artwork and is entitled to protections afforded under common law and 17 U.S.C. § 501, *et seq.* BRITTO attaches a copyright notice to all of his published artwork.

37. Without authorization, Defendants have willfully copied and sold BRITTO's copyrighted works, which to the ordinary observer, are substantially and strikingly similar to BRITTO's copyrighted works, in violation of common law and federal law.



ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

38. Defendants had access to BRITTO's copyrighted works through the publication and/or display of these works and through the prior relationship with Plaintiffs' wholesale business. ROBERTS and ROBERTS JR. were able to gain access to the inner workings of Plaintiffs' private studio through one of Magical Thinking Art's former sales representatives.

39. Defendants, through E-Bay and/or their art gallery businesses, have sold unauthorized and fraudulent copies of BRITTO's copyrighted works to consumers.

40. Defendants knew that these works infringed upon BRITTO's copyrights and they willfully sold these infringing works and received profits therefrom.

41. Defendants have induced, caused or materially contributed to the infringing acts alleged herein and are each liable to BRITTO for direct, contributory or vicarious copyright infringement.

42. Defendants have economically benefited from the sale of these unauthorized copies of BRITTO's copyrighted works.

43. As a result of Defendants' willful infringement of BRITTO's copyrighted artwork, Plaintiffs have been injured, and will continue to suffer substantial losses, including, but not limited to, damage to their name, reputation and goodwill. Plaintiffs are entitled to recover actual damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

44. Plaintiffs are also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiffs have no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) BRITTO's copyrights are unique and valuable property which have no readily determinable market value; (b) Defendants' infringement harms Plaintiffs' business reputation and goodwill

such that Plaintiffs could not be made whole by any monetary award; and, (c) Defendants' wrongful conduct, and the resulting damage to Plaintiffs, is continuing.

**COUNT II -**
**TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

45. Plaintiffs repeat and incorporate by reference each and every allegation set forth in paragraphs 1 through 34, *supra*, as if fully set forth herein.

46. This is an action for trademark infringement and unfair competition under common law and in violation of 15 U.S.C. §§ 1114(1) and 1125(a).

47. The name "Romero Britto" on BRITTO's artwork is recognizable and distinguishable of BRITTO's artwork and is a trademark owned by BRITTO, which mark has been filed with the Principal Register of the United States Patent and Trademark Office, Serial No. 77889306. BRITTO has used the "Romero Britto" trademark, name and reputation related to Plaintiffs' artwork in commerce prior to Defendants' unauthorized use of the same trademark.

48. Defendants' unauthorized use in interstate commerce of the BRITTO trademark and name in the sale of unauthorized copies of Plaintiffs' artwork, which bear the counterfeit BRITTO name and trademark, creates a likelihood of confusion in the minds of actual and potential consumers as to the origin of the unauthorized copies of Plaintiffs' artwork. Moreover, Defendants knew such mark was counterfeit in their sale of unauthorized copies of Plaintiffs' artwork.

49. Further, ROBERTS' and GABLES GALLERIES' unauthorized use in interstate commerce of the BRITTO trademark, name and reputation in their art gallery businesses, creates a likelihood of confusion in the minds of actual and potential consumers as to BRITTO's association, affiliation, approval or sponsorship of ROBERTS' and GABLES GALLERIES' art


ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

gallery businesses and is likely to cause consumers to falsely believe that the Grove Gallery is an authorized BRITTO dealer.

50. Defendants willfully intended to use the BRITTO name and trademark to trade upon BRITTO's reputation and goodwill.

51. As a result of Defendants' violations of 15 U.S.C. §§ 1114(1) and 1125(a), from which Defendants have profited, BRITTO has and will continue to be damaged. Plaintiffs therefore seek to recover their damages, the disgorgement of Defendants' profits, and the costs of this action, in an amount to be proved at trial, pursuant to 15 U.S.C. § 1117(a).

52. Defendants' actions and conduct also involved the intentional use counterfeit BRITTO marks, and therefore, Plaintiffs seek a judgment of up to three (3) times their damages, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b).

53. In addition, Plaintiffs have no adequate remedy at law. Defendants' conduct set forth herein has caused and, if not enjoined will continue to cause, irreparable damage to Plaintiffs' rights in its marks, reputation and goodwill, which cannot be adequately compensated solely by monetary damages. As such, Plaintiffs seek preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c).

**- COUNT III -**
**VIOLATION OF FLA. STAT. § 540.08**
**UNAUTHORIZED USE OF NAME AND REPUTATION**

54. Plaintiffs repeat and incorporate by reference each and every allegation set forth in paragraphs 1 through 34, *supra*, as if fully set forth herein.

55. ROBERTS and GABLES GALLERIES are, without authorization, using in the operation of their art gallery/art dealer businesses, BRITTO's name and reputation, and



ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

otherwise falsely suggesting sponsorship or an implied endorsement of ROBERTS' and GABLES GALLERIES' art gallery/art dealer businesses by BRITTO.

56. Any use of BRITTO's name and reputation by ROBERTS and GABLES GALLERIES are unauthorized, and such unauthorized use has caused damage to BRITTO.

**- COUNT IV -**
**VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

57. Plaintiffs repeat and incorporate by reference each and every allegation set forth in paragraphs 1 through 34, *supra*, as if fully set forth herein.

58. This is an action for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA").

59. Defendants are engaged in the conduct of trade and commerce in the State of Florida.

60. Defendants have violated the FDUTPA by engaging in unfair methods of competition, unconscionable acts or practices and/or unfair or deceptive acts or practices by, *inter alia,* copying BRITTO's copyrighted works without authorization and selling such infringing works in commerce, using counterfeit BRITTO marks in selling unauthorized copies of Plaintiffs' artwork, using BRITTO's name and reputation in ROBERTS' and GABLES GALLERIES' art businesses without authorization to mislead the public into falsely believing Defendants' businesses are associated with Plaintiffs, and passing off unauthorized, counterfeit copies of Plaintiffs' artwork as original, genuine works of BRITTO.

61. As a direct, proximate and foreseeable result of Defendants' violations of FDUTPA, Plaintiffs have suffered damages.


ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

62. Plaintiffs are entitled to recover their reasonable attorneys' fees and costs pursuant to Fla. Stat. § 501.2105.

**- COUNT V -**
**CIVIL CONSPIRACY**

63. Plaintiffs repeat and incorporate by reference each and every allegation set forth in paragraphs 1 through 34, *supra*, as if fully set forth herein.

64. Defendants ROBERTS, ROBERTS JR, CASTRO, GABLES GALLERIES and unknown co-conspirators have schemed and conspired to make and sell unauthorized copies of Plaintiffs' copyrighted works, bearing the BRITTO trademark, and these copies are substantially and strikingly similar to Plaintiffs' works, causing confusion among consumers.

65. Defendants ROBERTS, ROBERTS JR, CASTRO, GABLES GALLERIES and unknown co-conspirators have further schemed and conspired to profit from the sale of these unauthorized copies, bearing the BRITTO trademark, to art dealers and consumers by passing them off as authentic, original works of BRITTO.

66. Defendants entered into agreements to accomplish the conspiracy, including but not limited to, making and selling the infringing artwork by passing them off as authentic, original works of BRITTO, and making false and misleading representations about the relationship between ROBERTS and GABLES GALLERIES and BRITTO to suggest or imply that ROBERTS and GABLES GALLERIES are an authorized dealer of BRITTO.

67. As a direct and proximate result of the actions of ROBERTS, ROBERTS JR, CASTRO, GABLES GALLERIES and unknown co-conspirators, Plaintiffs have suffered damages.


ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

**RELIEF SOUGHT**

WHEREFORE, Plaintiffs, BRITTO CENTRAL, INC. and ROMERO BRITTO, respectfully request the following relief:

(1) For a preliminary and permanent injunction against ROBERTS, ROBERTS JR., CASTRO and GABLES GALLERIES, and their agents, employees, attorneys, and all others acting in concert or participation with them, preventing them from falsely representing to the public that they are authorized representatives of BCI and that Plaintiffs have licensed, approved, sponsored, endorsed or are otherwise affiliated with Defendants' art gallery/art dealer businesses;

(2) For a preliminary and permanent injunction against ROBERTS, ROBERTS JR., CASTRO and GABLES GALLERIES, and their agents, employees, attorneys, and all others acting in concert or participation with them, preventing them from falsely representing to consumers that they are obtaining original works of BRITTO from Brazil, through one or more of BRITTO's relatives.

(3) For a preliminary and permanent injunction against Defendants, enjoining them from producing, creating, and selling unauthorized copies of BRITTO's copyrighted artwork;

(4) For an Order requiring the impounding and destruction of the infringing artwork;

(5) For a judgment against Defendants for copyright infringement and/or recovery of Plaintiffs' actual damages in an amount to be determined at trial, including, without limitation, Defendants' profits attributable to the sale of the infringing works;

(6) For a judgment of up to three (3) times Plaintiffs' damages against Defendants for



ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

trademark infringement, unfair competition, and false designation of origin, in an amount to be determined at trial, together with an award of reasonable attorneys' fees and costs to Plaintiffs, as allowed by 15 U.S.C. § 1117, due to the willful, intentional, and malicious nature of Defendants' conduct and intentional use of counterfeit marks of Plaintiffs;

(7) For a judgment against Defendants for their violations of FDUPTA and an award damages to Plaintiffs in an amount to be determined at trial, together with and an award of reasonable attorneys' fees and costs to Plaintiffs;

(8) For a judgment against Defendants for violation of Fla. Stat. § 540.08 and an award of damages to Plaintiffs in an amount to be determined at trial;

(9) For a judgment against Defendants for civil conspiracy and an award of damages to Plaintiffs in an amount to be determined at trial; and

(10) For such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury of all issues so triable in this matter.

Dated: February 24, 2010.

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**
Bank of America Tower
100 Southeast 2nd Street, Suite 2700
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428

By: ______________________
**ROBERT ZARCO**
Florida Bar No. 502138
**ROBERT M. EINOHRN**
Florida Bar No. 858188
**KAARI GAGNON**
Florida Bar No. 0046106

# Authorized BRITTO Representatives

MTA

**Florida**
Sundook Gallery, Boca Raton *
Opera Gallery, Bal Harbour *
CJR Fine Arts, Wellington
Gasiunasen Gallery, Palm Beach *
Wyland Gallery, Key West *
Gallery Art, Aventura
HW Gallery, Naples
Bengis Fine Art, Coral Springs

**Maryland**
Discovery Galleries, Bethesda *
Renaissance Fine Arts, Baltimore

**Washington**
DC Momento Gallery, Georgetown

**Pennsylvania**
Maser Gallery, Pittsburg
Sirani Gallery, Pittsburg
I-Brewster, Philadelphia

**New York**
Opera Gallery, Soho *
Galleria on 3rd, Midtown NYC
Nan Miller Gallery, Rochester *
McKenzie Tribe, West Hamptons *
Galerie Elysees, Central Park

**Connecticut**
Prescient Gallery, Mystic *

**Massachusetts**
D,Zian Gallery, Worcester
Newbury Fine Arts, Boston

**Illinois**
Atlas Gallery, Chicago

**Missouri**
Barucci Gallery, St Louis

**Michigan**
Saper Gallery, East Lansing

**Nevada**
Arleccina Gallery, Las Vegas

**Texas**
Off the Wall Gallery, Houston

**New Mexico**
Pop Gallery, Santa Fe

**California**
Marina Fine Arts, Marina Del Rey
American Visions Gallery, Fair Oaks

**Washington**
American Art Company, Tacoma

**Wisconsin**
Florence Minkoff, Thiensville

**France**
Opera Gallery, Paris *
Galerie Castiglione, Barbizon
Galerie Bartoux, Honfleur
Colorfield Gallery, Paris

**Switzerland**
Galerie Ficher Rohr, Basil *
Opera Gallery, Geneva *

**Austria**
Gerald Hartinger Gallery, Vienna *

**Germany**
Mensing Galleries, Berlin, Hamm, Munich, Duesseldorf *

**Holland**
Mooi Vor Thuis
Gallery Pop Art Shop

**Belgium**
Arleccina Gallery
Artra Gallery

**Russia**
Mark Berger, Moscow

**Singapore**
Opera Gallery, Singapore *

**Korea**
Opera Gallery, Seoul *

**England**
Opera Gallery, London *

**Italy**
Opera Gallery, Venice *

**Monaco**
Opera Gallery, Monaco *

**Hong Kong**
Opera Gallery, Hong Kong *

**United Arab Emirates**
Opera Gallery, Dubai *

* **Denotes Area Exclusivity**

EXHIBIT
"A"