UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:10-cv-20579-PAS

BRITTO CENTRAL, INC., a Florida corporation,
and ROMERO BRITTO, an individual ,

Plaintiffs,
v.

LES ROBERTS, an individual,
LES ROBERTS, JR., an individual,
SILVIA CASTRO, an individual,
CORAL GABLES GALLERIES, INC.,
a Florida corporation,
JOHN DOE 1, JOHN DOE 2

Defendants.
_______________________________________________/

**DEFENDANTS LES ROBERTS, JR., SILVIA CASTRO, AND CORAL GABLES GALLERIES, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants, LES ROBERTS, JR. ("Roberts Jr."), SILVIA CASTRO ("Castro"), and CORAL GABLES GALLERIES, INC. ("CGG") (collectively, "Defendants")[1], by and through undersigned counsel, move to dismiss the Complaint filed by Plaintiffs, BRITTO CENTRAL, INC. ("BCI") and ROMERO BRITTO ("Britto") (collectively, "Plaintiffs") as to Count I, pursuant to Fed. R. Civ. P. Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

## MEMORANDUM

### I. Introduction

Count I of the Complaint, alleging "Copyright Infringement," must be dismissed because Plaintiffs failed to alleged that they secured copyright registrations or preregistrations for the works allegedly infringed prior to the institution of this action as required by 17 U.S.C. § 411(a).

[1] Although Defendants' counsel agreed to accept service on behalf of the Defendants, Les Roberts (Sr.) is deceased.

The Copyright Act unequivocally states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Because Plaintiffs have failed to include any allegations relating to copyright preregistrations or registrations for the works alleged to have been infringed, Count I of the Complaint should be dismissed.

## II. Procedural Background

Plaintiffs filed the instant five-count Complaint on February 24, 2010, alleging counts for Copyright Infringement (Count I), Trademark Infringement, Unfair Competition and False Designation of Origin (Count II), Violation of Fla. Stat. § 540.08 Unauthorized Use of Name and Reputation (Count III), Violation of Florida Deceptive and Unfair Trade Practices Act (Count IV), and Civil Conspiracy (Count V). Plaintiffs' claim for copyright infringement (Count I) is based upon Defendants' alleged violation of the Copyright Act, 17 U.S.C. § 101, *et seq*. See Compl., at ¶ 36, 43-44. By agreement of counsel, Defendants' response to the Complaint is due to be served on or before April 22, 2010.

## III. Count I Fails to State a Claim Upon Which Relief Can be Granted

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Walker v. Hallmark Bank & Trust, Ltd., 2010 WL 1226141 at *1 (S.D. Fla. Mar. 27, 2010) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

As noted above, before an action can be brought for infringement of a copyright, the owner must register the copyright with the Copyright Office: "[N]o civil action for infringement

of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). While failure to register a work may not be grounds for dismissal for lack of subject matter jurisdiction, § 411(a) expressly allows courts to adjudicate infringement claims involving unregistered works in just three circumstances, none of which seems to applies here: "where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under § 106A, or where the holder attempted to register the work and registration was refused." Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237, 1246 (Mar. 2, 2010); see also Shell v. Am. Family Rights Assoc., 2010 WL 1348548, at fn. 22 (D. Colo. Mar. 31, 2010) ("Although registration is not necessary to hold a valid copyright, only registered works may form the basis of an action for infringement.") (citing Reed Elsevier).

Thus, because Plaintiffs failed to allege ownership of any copyright preregistrations or registrations, particularly with respect to the works alleged to be infringed, and have failed to allege any of the three exceptions to such registration, Count I of the Complaint must be dismissed.

WHEREFORE, Defendants, LES ROBERTS, JR., SILVIA CASTRO, and CORAL GABLES GALLERIES, INC., respectfully request that the Court dismiss Count I of the Complaint, extend the time for Defendants to respond to the remaining counts of the Complaint, and grant such other relief as the Court deems just and proper.[2]

[2] "[A] partial motion to dismiss under Rule 12(b)(6) extends the time to file an answer to remaining counts of a complaint." Dimension Leasing, Inc. v. Variety Children's Hospital d/b/a Miami Children's Hospital, Case No. 05-22701 (S.D. Fla. Jan. 23, 2006). Omnibus Order [DE 22], at p. 2.

Dated: April 22, 2010

Respectfully submitted,

PERETZ CHESAL & HERRMANN, PL
**Attorneys for Defendants**
201 South Biscayne Boulevard
Suite 1750 Miami Center
Telephone: (305) 341-3000
Facsimile: (305) 371-6807

By: /s/ Paul L. Kobak
Michael B. Chesal
Florida Bar No. 775398
mchesal@pc-iplaw.com
Paul L. Kobak
Florida Bar No. 15426
pkobak@pc-iplaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 22, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. Mail.

By: /s/ Paul L. Kobak

## SERVICE LIST

***Britto Central, Inc., et al. v. Roberts, et al.***
**Case No. 1:10-cv-20579-PAS**
**United States District Court, Southern District of Florida**

Kaari Gagnon, Esq.
KGagnon@zarcolaw.com
Zarco Einhorn Salkowski & Brito
100 Southeast 2nd Street, 27th Floor
Miami, Florida 33131
*Attorney for Plaintiffs*