**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

BRITTO CENTRAL, INC., a Florida corporation, and
ROMERO BRITTO, an individual,

Case No.: 1:10-cv-20579-PAS

Plaintiffs,

vs.

LES ROBERTS, an individual,
LES ROBERTS, JR., an individual,
SILVIA CASTRO, an individual,
CORAL GABLES GALLERIES, INC., a Florida corporation,
JOHN DOE 1, and JOHN DOE 2.

Defendants.
_______________________________/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT I OF THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs, BRITTO CENTRAL, INC. and ROMERO BRITTO, by and through undersigned counsel, hereby submit their response in opposition to Defendants' Motion to Dismiss Counts I of the Complaint ("Motion to Dismiss" or "Motion") [D.E. 12]. In support thereof, Plaintiffs state as follows:

## I. Introduction

Plaintiffs are suing Defendants for copyright infringement, trademark infringement and unfair competition, violations of the Florida Deceptive and Unfair Trade Practices Act and Florida's publicity right statute. As set forth in the Complaint, Defendants are engaging in a scheme of counterfeiting, forgery and deceit in order to trade upon and profit from the goodwill and widespread popularity of BRITTO's unique artistic works. Specifically, Defendants are,

inter alia: (i) creating unauthorized copies of BRITTO's copyrighted canvas paintings, and other paintings that are designed to be similar to BRITTO's artwork; (ii) using counterfeits of Plaintiffs' trademarks in connection with the sale of such counterfeit artwork and falsely representing to consumers that BRITTO has authored such works; (iii) using in the operation of their art gallery/art dealer businesses, Plaintiffs' trade name, trademark and reputation, and otherwise falsely suggesting sponsorship or an implied endorsement of Defendants' art gallery/art dealer businesses by Plaintiffs; (iv) falsely representing to consumers that they are obtaining original works of BRITTO from Brazil, through one or more of BRITTO's relatives; (v) deceiving consumers and leading them to believe that the counterfeit BRITTO artworks are originals.

As a result of such unlawful conduct, Plaintiffs filed a Complaint against Defendants for copyright infringement (Count I), trademark infringement, unfair competition and false designation of origin (Count II), violation of Fla. Stat. § 540.08 unauthorized use of name and reputation (Count III), violation of the Florida Deceptive and Unfair Trade Practices Act (Count IV) and civil conspiracy (Count V). Through their instant Motion to Dismiss, Defendants seek to have Count I for copyright infringement dismissed. For the reasons set forth herein, Defendants' Motion should be denied.

## II. Argument

Defendants contend that Count I of the Complaint should be dismissed because Plaintiffs did not include in the Complaint any allegations relating to copyright preregistrations or registrations for the works alleged to have been infringed.[1] However, as set forth herein, federal courts have held an action viable where the owner of an unregistered copyright seeks injunctive

[1] Defendants do not dispute the fact that Britto's artwork clearly falls within the protection of common law and federal copyright law, or that Britto's artwork is copyrighted and that Britto owns the copyrights to his artwork.

relief and/or actual damages, as opposed to statutory damages. While the Eleventh Circuit has dismissed actions for copyright infringement of unregistered works holding that copyright registration is a prerequisite for a federal court to have subject matter jurisdiction,[2] the Supreme Court of the United States has recently held that 17 U.S.C. § 411(a) does not restrict a federal court's subject-matter jurisdiction with respect to infringement suits involving unregistered works.[3] *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1248 (Mar. 2, 2010). As such, this Court has jurisdiction to consider Plaintiffs' copyright infringement claim.

Further, though Defendants argue in their Motion that Count I of Plaintiffs' Complaint must still be dismissed because Plaintiffs did not allege that they secured copyright registrations or preregistrations for the works Defendants infringed upon, several courts have held, including the Eleventh Circuit, that copyright registration is only a prerequisite for seeking statutory damages, which relief Plaintiffs do not seek in this Count. These courts have held that where the owner of an unregistered copyright seeks injunctive relief, as opposed to statutory damages, such an action is viable even in the absence of copyright registration because "registration of a copyright is permissive, [and that] '[s]uch registration is not a condition of copyright protection.'" *Walker Manufacturing, Inc. v. Hoffmann, Inc.*, 220 F.Supp.2d 1024, 1039 (N.D. Iowa 2002) (*citing Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345 (8th Cir.1994); 17 U.S.C. § 408(a*)); see also Pacific and Sourther Co. v. Duncan*, 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984) (holding that courts have "the power to issue such an injunction because the statute provides for injunctions to prevent infringement of 'a copyright,' not necessarily the registered

---

[2] *See e.g., Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1285 (11th Cir. 2000); *Arthur Rutenberg Homes v. Drew Homes, Inc.*, 29 F.3d 1529, 1532 (11th Cir. 1994); *M.G.B. Homes v. Ameron Homes*, 903 F.2d 1486, 1488 (11th Cir. 1990).

[3] 17 U.S.C. § 411(a) states, in relevant part, that with certain exceptions, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

copyright that gave rise to the infringement action."); *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 710 n. 1 (9th Cir. 2007) ("the court may grant injunctive relief to restrain infringement of any copyright, whether registered or unregistered."). Plaintiffs do not seek statutory damages, but only injunctive relief and actual damages under Count I. Accordingly, Count I of Plaintiffs' Complaint is valid and Defendants' Motion to Dismiss should be denied.

**III. Conclusion**

WHEREFORE, based on the foregoing, Plaintiffs, BRITTO CENTRAL, INC. and ROMERO BRITTO, respectfully request that this Honorable Court enter an Order: (i) denying Defendants' Motion to Dismiss; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: May 10, 2010.

Miami, Florida

Respectfully submitted,

/s/ Kaari Gagnon
Robert Zarco (Florida Bar Number 502138)
Robert M. Einhorn (Florida Bar Number 858188)
Kaari Gagnon (Florida Bar Number 46106)
kgagnon@zarcolaw.com

**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**
*Counsel for Plaintiffs*
Bank of America Tower
100 Southeast 2nd Street, Suite 2700
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by United States Mail for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Kaari Gagnon

## SERVICE LIST

***Britto Central, Inc., et al. v. Roberts, et. al.***
**Case No. 1:10-cv-20579-PAS**
**United States District Court, Southern District of Florida**

Michael B. Chesal, Esq.
mchesal@pc-iplaw.com
PERETZ, CHESAL & HERRMANN, PL
201 S. Biscayne Blvd., Suite 1750
Miami, FL 33131
*Counsel for Defendants*
(Via U.S. Mail and Electronic Mail)