UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:10-cv-20579-PAS

BRITTO CENTRAL, INC., a Florida corporation,
and ROMERO BRITTO, an individual ,

Plaintiffs,
v.

LES ROBERTS, an individual,
LES ROBERTS, JR., an individual,
SILVIA CASTRO, an individual,
CORAL GABLES GALLERIES, INC.,
a Florida corporation,
JOHN DOE 1, JOHN DOE 2

Defendants.
_____________________________________________/

**DEFENDANTS LES ROBERTS, JR., SILVIA CASTRO, AND CORAL GABLES GALLERIES, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, LES ROBERTS, JR. ("Roberts Jr."), SILVIA CASTRO ("Castro"), and CORAL GABLES GALLERIES, INC. ("CGG") (collectively, "Defendants"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), Local Rule 7.1, and the Court's Order dated May 20, 2010 [DE 17], hereby submit their Reply in support of their Motion to Dismiss the Complaint filed by Plaintiffs, BRITTO CENTRAL, INC. ("BCI") and ROMERO BRITTO ("Britto") (collectively, "Plaintiffs") as to Plaintiffs' claim for copyright infringement (Count I).

## MEMORANDUM

### I. Introduction

Although Plaintiffs do not deny that they have not preregistered or registered any of the copyrights that form the basis of their copyright infringement claim, their Response in Opposition to Defendants' Motion to Dismiss [DE 13] (the "Response"), fails to address 17 U.S.C. § 411(a)'s requirement that "no civil action for infringement of the copyright in any

United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title" or the Supreme Court's recent affirmation of this principle in Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237 (2010). Instead, Plaintiffs argue that they should be permitted to bring an action for copyright infringement without the need to preregister or register the copyrights because they are seeking injunctive relief and actual damages under the Copyright Act rather than statutory damages. Plaintiffs are obviously misreading the Copyright Act. Not only is Plaintiffs' position contrary to the plain language of section 411(a) and the Supreme Court's recent decision in Reed Elsevier, but the authorities upon which Plaintiffs rely are inapposite. Thus, Plaintiffs' claim for copyright infringement should be dismissed.

## II. The Copyright Act Requires Plaintiffs to Preregister or Register Their Copyrights Before Bringing an Action for Copyright Infringement

Copyright infringement is a creature of statute. "[T]he protection given to copyrights is wholly statutory. The remedies for infringement are only those prescribed by Congress." Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 430 (1984) (citations and quotations omitted). Specifically, Plaintiffs must comply with the requirements of 17 U.S.C. § 411(a) when asserting a claim for copyright infringement:

> "Anyone who violates any of the exclusive rights of the copyright owner as provided" in the Act "is an infringer of the copyright." § 501(a). When such infringement occurs, a copyright owner "is entitled, subject to the requirements of section 411, to institute an action" for copyright infringement. § 501(b).

Reed Elsevier, 130 S.Ct. at 1241 (emphasis added by Justice Thomas) (citing 17 U.S.C. § 501). As noted above, 17 U.S.C. § 411(a) unequivocally provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." There are three exceptions

to this requirement, none of which applies, and none of which Plaintiff contend applies: "where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under § 106A, or where the holder attempted to register the work and registration was refused." Reed Elsevier, 130 S.Ct. at 1246 (citing 17 U.S.C. § 411).

Because Plaintiffs have not alleged that they have preregistered or registered their copyrights, they have failed to comply with the plain language of section 411(a) of the Copyright Act, and they are not entitled to institute their action for copyright infringement.[1]

### III. The Supreme Court in Reed Elsevier Recently Affirmed Section 411(a)'s Requirement of Copyright Preregistration or Registration as a Precondition to Filing a Claim for Infringement

In Reed Elsevier, the Supreme Court affirmed section 411(a)'s requirement that a copyright be registered or preregistered as a "precondition to filing a claim" for copyright infringement. Id. at 1247 (emphasis added). As the Court explained, section 411(a) "establishes a condition – copyright registration – that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions." Id. at 1242. The few opinions issued since Reed Elsevier follow the Supreme Court's mandate. See, e.g., Sleep Science Partners v. Lieberman, 2010 WL 1881770, at *5-6 (N.D. Cal. May 10, 2010) (dismissing plaintiff's claim for copyright infringement where copyright was not preregistered or registered because "[t]he requirement for preregistration or registration of the copyright is. . . [a] threshold element that a plaintiff must satisfy before asserting a claim" for infringement); Grayton v. United States, 2010 WL 1745128, at *8-9 (Fed. Cl. Apr. 28, 2010) ("Plaintiff has not alleged that he preregistered or registered a copyright of his proposal, or that registration of his copyright was denied. . . . Thus, the complaint fails to state a copyright infringement claim upon which relief

[1] In Plaintiff's Response, n. 1, Plaintiffs claim that Defendants do not dispute certain facts regarding Britto's artwork and copyrights. To the contrary, Defendants reserve all their rights to contest these "facts."

can be granted.") (emphasis added); Shell v. Am. Family Rights Assoc., 2010 WL 1348548, at *15 n. 22 (D. Colo. Mar. 31, 2010) ("Although registration is not necessary to hold a valid copyright, only registered works may form the basis of an action for infringement.").

Because Plaintiffs have not alleged section 411(a)'s precondition of copyright preregistration or registration, the Supreme Court's recent decision in Reed Elsevier further dictates that Plaintiffs' copyright infringement claim be dismissed.

## IV. The Cases Plaintiffs Rely on in Their Response Are Inapplicable to the Instant Action

Plaintiffs rely on a smattering of cases to argue that their claim for copyright infringement can proceed even in the absence of copyright registration. Response, at 3-4. Even if the cases cited by Plaintiff were still valid after Reed Elsevier, the courts in those cases first determined that a registered copyright had been infringed before issuing injunctions against future unregistered copyrighted works – a key factor missing from Plaintiffs' claim.

In the lone Eleventh Circuit case cited by Plaintiffs, Pac. & S. Co. v. Duncan, 744 F.2d 1490 (11th Cir. 1984), a television station brought a claim of copyright infringement against an individual who made a business of taping news broadcasts and selling the tapes to people featured in the reports. Id. at 1493. Significantly, the plaintiff first registered its copyright in the news program that formed the basis of plaintiff's claim before bringing its claim for infringement. Id. at 1494. After the Court determined that the plaintiff had proven infringement of its registered copyright, it found that the "past infringement and a substantial likelihood of [defendant's] future infringements" of plaintiff's forthcoming (and therefore unregistered) broadcasts was warranted. Id. at 1499. The Court explained that "[t]he opposite result would be especially unjust in a case such as this one in which the registered work and the future works are so closely related, part of a series of original works created with predictable regularity and

similar format and function." Id. at n. 17. Contrary to the plaintiff in Duncan, Plaintiffs here have not claimed that they registered the copyrights that form the basis of their claim. In addition, the Duncan court's further explanation for granting the injunction simply does not apply here.

Likewise, in Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345 (8th Cir. 1994), the plaintiff first registered its copyrights in the four photographs at issue before bringing its claim for infringement. Id. at 1347. The court concluded that the defendant had infringed plaintiff's registered copyrights and remanded to the district court to determine whether the plaintiff had established a threat of continuing infringement which would entitle the plaintiff to an injunction against future infringement of unregistered copyrighted photographs. Id. at 1349. Similarly, the court in Perfect 10, Inc. v. Amazon.com, Inc., 487 F.3d 701 (9th Cir. 2007), found that the district court could issue an injunction order covering unregistered works "[b]ecause at least some of the Perfect 10 images at issue were registered." Id. at 710 n. 1. In contrast, the Plaintiffs here have not alleged that they registered any of the copyrights at issue.

The only case cited by Plaintiff in which recovery of actual damages for infringement of an unregistered work was permitted where the plaintiff failed to register any copyrights, Walker Mfg., Inc. v. Hoffmann, Inc., 220 F.Supp.2d 1024 (N.D. Iowa 2002) (citing Olan Mills and Pacific Southern), is an anomaly and has been recognized as erroneous by the leading authorities on copyright law:

> Another case apparently misread Olan Mills to stand for the proposition that a plaintiff had standing to pursue injunctive relief absent even an attempt to register the subject work. See Walker Mfg., Inc. v. Hoffmann, Inc., 220 F. Supp. 2d 1024, 1039 (N.D. Iowa 2002). That ruling also appears erroneous.

Nimmer on Copyright § 7.16[B][1][a][i], n. 38.26d.

> The decision in Walker Mfg., Inc. v. Hoffmann, Inc., 220 F. Supp. 2d 1024 (N.D. Iowa 2002), confused prior decisions in the Eighth and Eleventh Circuits granting injunctions against unregistered works with § 411(a). Those decisions granted the relief based on registration of one or more works, and not, as in Walker, on no registration at all. Walker is erroneously decided.

5 Patry on Copyrights § 17:78 (2010).

Thus, in light of the plain language of the Copyright Act, it should come as no surprise that Plaintiffs have failed to cite to any reliable authorities in support of their position that a claim of copyright infringement may be made in the absence of a copyright registration.

## V. Conclusion

For the reasons set forth above and in their Motion to Dismiss, Defendants respectfully request that the Court dismiss Count I of the Complaint.

Dated: May 24, 2010

Respectfully submitted,

PERETZ CHESAL & HERRMANN, PL
**Attorneys for Defendants**
201 South Biscayne Boulevard
Suite 1750 Miami Center
Telephone: (305) 341-3000
Facsimile: (305) 371-6807

By: /s/ Paul L. Kobak
Michael B. Chesal
Florida Bar No. 775398
mchesal@pc-iplaw.com
Paul L. Kobak
Florida Bar No. 15426
pkobak@pc-iplaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Paul L. Kobak_______

Kaari Gagnon, Esq.
KGagnon@zarcolaw.com
Zarco Einhorn Salkowski & Brito
100 Southeast 2nd Street, 27th Floor
Miami, Florida 33131
**Attorney for Plaintiffs**