**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 10-20579-CIV-SEITZ/O'SULLIVAN

BRITTO CENTRAL, INC., *et al.*

Plaintiffs,

v.

LES ROBERTS, *et al.*,

Defendants.
_______________________________/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS CAUSE is before the Court on Defendants Les Roberts, Jr., Silvia Castro, and Coral Gables Galleries, Inc.'s ("Defendants") Motion to Dismiss (DE-12). Defendants aver that Plaintiffs do not allege they preregistered or registered the copyrights in the allegedly infringed works, and therefore, move to dismiss Count I ("Copyright Infringement") of the Complaint. (DE-12, p. 1). Because Plaintiffs do not allege that they preregistered or registered their works prior to filing suit, the Court GRANTS Defendants' Motion to Dismiss Count I (DE-12).

## I. Background

Plaintiffs, Romero Britto, a world renowned artist, and Britto Central, Inc. ("Plaintiffs") are the copyright owners of artistic works allegedly forged and sold as originals by Defendants. (DE-1, ¶ 9). Specifically, Plaintiffs allege that Defendants have "schemed and conspired to produce and sell counterfeit and unauthorized copies of Plaintiffs' copyrighted works[,] which are purposely designed to be similar if not identical to Plaintiffs' works, causing confusion among consumers." (DE-1, ¶ 5). Accordingly, Plaintiffs bring this action for: (1) copyright infringement, (2) trademark infringement, unfair competition, and false designation of origin, (3)

unauthorized use of name and reputation, (4) violations of Florida's Deceptive and Unfair Trade Practices Act, § 501.201, Fla. Stat., and (5) civil conspiracy. (DE-1, ¶ 1). Defendants now move to dismiss Count I ("Copyright Infringement") of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiffs failed to allege, as required by 17 U.S.C. § 411(a), that they secured copyright preregistrations or registrations for the allegedly infringed works prior to instituting this action.

## II. Legal Standard for Motion to Dismiss

The Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which the complaint is based. *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Rather, Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," allowing the defendant to have "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* However, "[w]hile a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. Analysis

The Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Section 411(a)'s registration requirement mandates that a copyrighted work must be registered as a precondition to filing a claim. *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010). However, the Act provides four exceptions to this general rule, allowing courts to adjudicate infringement claims

involving unregistered works when: (1) the work is not a U.S. work; (2) the infringement claim concerns the rights of attribution and integrity under 17 U.S.C. § 106A;[1] (3) the copyright holder tries to register the work, but is refused; or (4) the author declares an intention to secure a copyright in a work and makes the registration within three months after the work's first transmission under 17 U.S.C. § 411(c). *Reed Elsevier,* 130 S. Ct. at 1246.

**A. Copyright Holder Must Register Copyright**

Defendants argue that Count I ("Copyright Infringement") must be dismissed because Plaintiffs failed to allege they preregistered or registered the allegedly infringed works, and none of the exceptions to the general rule apply in the instant case. First, Defendants direct the Court to the plain language of 17 U.S.C. § 411(a), stating that preregistration or registration of a copyright is a precondition to filing an infringement suit, which Defendants assert the Supreme Court reaffirmed in *Reed Elsevier*, 130 S. Ct. at 1242. Additionally, Plaintiffs do not allege that they meet any of the exceptions to the general rule requiring registration. That is, Plaintiffs do not allege that the allegedly infringed works are not U.S. works, that the claim concerns the rights of attribution and integrity under 17 U.S.C. § 106A, that Plaintiffs tried to register the works, but were refused, or that Romero Britto declared his intention to secure a copyright in the works and made the registrations within three months after the works' first transmissions. *See* 17 U.S.C. § 411(c). Accordingly, Plaintiffs fail to state a claim for copyright infringement.

**B. Section 411(a)'s Registration Requirement Is A Precondition Even Where Plaintiffs Seek Injunctive Relief**

Plaintiffs do not allege that they preregistered or registered the allegedly infringed works.

---

[1] 17 U.S.C. § 106A of the Visual Artists Rights Act of 1990 refers to the rights of authors to attribution and integrity in their copyrighted works of visual art.

Instead, Plaintiffs argue that their copyright action is viable because they seek injunctive relief and actual damages, as opposed to statutory damages. (DE-13, pp. 2-3). In support of their argument, Plaintiffs cite to *Walker Mfg., Inc. v. Hoffmann, Inc.*, a case from the Northern District of Iowa, for the proposition that an action for injunctive relief or actual damages is viable even in the absence of copyright registration. 220 F. Supp. 2d 1024, 1039 (N.D. Iowa 2002) (citing *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1348-49 (8th Cir. 1994)).

With the exception of *Walker Mfg.*, however, all of Plaintiffs' cases are factually distinguishable. In those cases, both registered and unregistered works were the subjects of the infringement suits. *See Olan Mills,* 23 F.3d at 1348-49; *see also Pac. & S. Co. v. Duncan,* 744 F.2d 1490, 1499 n.17 (11th Cir. 1984) (finding that an injunction was proper because 17 U.S.C. § 502(a) provides for injunctive relief to prevent the infringement of a copyright, even if it is not the registered copyright that gives rise to the infringement action); *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 710 n.1 (9th Cir. 2007) ("Once a court has jurisdiction over an action for copyright infringement under *section 411*, the court may grant injunctive relief to restrain infringement of any copyright, whether registered or unregistered."). Additionally, although the plaintiff in *Walker Mfg.* successfully recovered actual damages for the infringement of an unregistered work, in the absence of any registered works, leading authorities have criticized that decision for confusing prior decisions from the Eighth and Eleventh Circuits. 5 William F. Patry, Patry on Copyright § 17:78 (2010); David Nimmer, Nimmer on Copyright § 7.16[B][1][a][I] n.38.26d (2010) (labeling the ruling as erroneous). Therefore, this Court finds the Plaintiffs' arguments[2] unpersuasive.

---

[2]Plaintiffs' second argument—that 17 U.S.C. § 411(a) does not restrict a federal court's subject matter jurisdiction with respect to infringement suits involving unregistered works—is inapposite. (DE-13, pp. 2-3). Subject matter jurisdiction is not at issue in the instant case. Defendants solely assert that Plaintiffs cannot state a claim for

## IV. Conclusion

Although the Court views the allegations in the Complaint in the light most favorable to the Plaintiffs, as a matter of law, Plaintiffs have failed to state a claim for copyright infringement. The Copyright Act requires that the Plaintiffs preregister or register their works as a precondition to filing suit, 17 U.S.C. § 411(a), but Plaintiffs do not allege compliance with the registration requirement. Therefore, Defendants' Motion to Dismiss (DE-12) must be granted. Although Plaintiffs have not indicated that they can cure this pleading defect, the Court will nonetheless grant Plaintiffs leave to amend their Complaint to allege compliance with the registration requirements of the Copyright Act. Accordingly, it is hereby

ORDERED that

1. Defendants' Motion to Dismiss (DE-12) is GRANTED.
2. Count I of the Complaint (DE-1) is DISMISSED WITHOUT PREJUDICE.
3. The Plaintiffs shall have leave, until **July 30, 2010**, to amend the Complaint (DE-1) if there are facts to support a claim consistent with this opinion.

DONE and ORDERED in Miami, Florida, this 20th day of July, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
Magistrate Judge O'Sullivan
Counsel of Record

copyright infringement until Plaintiffs at least apply to register their copyrights in the allegedly infringed works. (DE-12, pp. 2-3).