UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:10-cv-20579-PAS

BRITTO CENTRAL, INC., a Florida corporation,
and RO:MEROBRITTO, an individual,

Plaintiffs,

v.

LES ROBERTS, an individual,
LES ROBERTS, JR., an individual,
SILVIA CASTRO, an individual,
CORAL GABLES GALLERIES, INC.,
a Florida corporation,
JOHN DOE 1, JOHN DOE 2,

Defendants.

________________________________/

**DEFENDANTS CORAL GABLES GALLERIES, INC.'S**
**AND LES ROBERTS Jr.'s ANSWER AND AFFIRMATIVE DEFENSES**

Defendants CORAL GABLES GALLERIES, INC., and Les Roberts, Jr. ("CGG" or "Defendant"), by and through undersigned counsel, files its Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, BRITTO CENTRAL, INC. ("BCI") and ROMERO BRITTO ("Britto") (collectively, "Plaintiffs"), and states:

**NATURE OF THE ACTION**

1. Defendant admits that Plaintiffs purport to bring the claims asserted but denies that Plaintiffs are entitled to any such relief.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and therefore denies same.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Defendant admits that Plaintiffs seek a preliminary and permanent injunction, an Order from the Court, and to recover alleged damages, but Defendant denies that Plaintiffs are entitled to any such relief.

**PARTIES**

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and therefore denies same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 and therefore denies same.

10. Denied.

11. Defendant admits that Roberts Jr. is an individual over the age of eighteen (18) residing in Miami-Dade County and denies all remaining allegations of Paragraph 11.

12. Defendant admits that Castro is an individual over the age of eighteen (18) residing in Miami-Dade County and denies all remaining allegations of Paragraph 12.

13. Defendant admits that it is a Florida corporation with its principal place of business in Miami-Dade County and denies all remaining allegations of Paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the existence of a "John Doe #1" and therefore denies the allegations set forth in the first sentence of Paragraph 14. Defendant denies the remaining allegations of Paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the existence of a "John Doe #2" and therefore denies the allegations set forth in the first sentence of Paragraph 15. Defendant denies the remaining allegations of Paragraph 15.

**JURISDICTION AND VENUE**

16. Defendant admits that this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338, and 1367(a) but, because Plaintiffs' count for copyright infringement has been dismissed, Defendant denies that this Court has jurisdiction over this case pursuant to 17 U.S.C. § 501.

17. Defendant admits that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) but, because Plaintiffs' count for copyright infringement has been dismissed, Defendant denies that venue is proper under 28 U.S.C. § 1400(a).

**GENERAL ALLEGATIONS**

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and therefore denies same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and therefore denies same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 20 and therefore denies same. Defendant denies the remaining allegations of Paragraph 20 as Defendant denies that Plaintiffs' authorization is required to fairly sell or use the Britto works or name.

21. Denied to the extent that Paragraph 21 suggests that unauthorized copies of Plaintiffs' works were made by Defendant.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 22 as it is unclear to what "copyrighted works" these allegations refer and therefore denies same. Defendant denies the remaining allegations of Paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendant admits that Plaintiffs seek to recover their reasonable attorneys' fees, but Defendant denies that Plaintiffs are entitled to any such relief and denies the remaining allegations of Paragraph 34.

**CAUSES OF ACTION**

**COUNT I**
**CLAIM OF COPYRIGHT INFRINGEMENT**

35-44. Count I of the Complaint has been dismissed by the Court's Order dated July 20, 2010 [DE 25] and therefore no response to Paragraphs 35-44 is required.

**COUNT II**

**CLAIM OF TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

45. Defendant repeats and incorporates by reference each and every response set forth in Paragraphs 1 through 34, *supra*, as if fully set forth herein.

46. Defendant admits that Plaintiffs purport to bring the claims asserted, but Defendant denies that Plaintiffs are entitled to any such relief.

47. Defendant denies that it has engaged in unauthorized use of any "Romero Britto" trademark. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 47 and therefore deny same.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

**COUNT III**
**CLAIM OF VIOLATION OF FLA. STAT. § 540.08**

54. Defendant repeats and incorporates by reference each and every response set forth in Paragraphs 1 through 34, *supra*, as if fully set forth herein.

55. Denied.

56. Denied.

**COUNT IV**
**CLAIM OF VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

57. Defendants repeat and incorporate by reference each and every response set forth in Paragraphs 1 through 34, *supra*, as if fully set forth herein.

58. Defendant admits that Plaintiffs purport to bring the claims asserted but denies that Plaintiffs are entitled to any such relief.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

**COUNT V**
**CLAIM OF CIVIL CONSPIRACY**

63. Defendants repeat and incorporate by reference each and every response set forth in Paragraphs 1 through 34, *supra*, as if fully set forth herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Any and all allegations not expressly admitted herein are hereby denied.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment against Plaintiffs, BRITTO CENTRAL, INC. and ROMERO BRITTO, that the Court deny all relief requested by Plaintiffs, and for such other and further relief this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

69. The Complaint fails to state a claim upon which relief can be granted.

70. Upon information and belief, the claims made in the Complaint are barred, in whole or in part, by the doctrine of laches due to Plaintiffs' delay in bringing their claims.

71. Upon information and belief, the claims made in the Complaint are barred, in whole or in part, by the doctrines of estoppel and acquiescence because Plaintiffs provided Defendant with marketing materials bearing the Romero Britto name.

72. Upon information and belief, the claims made in the Complaint are barred, in whole or in part, because Plaintiffs' alleged trademark rights are void for naked licensing.

73. Without admitting that the Complaint states a claim, any remedies are limited to the extent Plaintiffs seek duplicative recovery pursuant to the various claims for any alleged single wrong.

74. Defendant reserves the right to assert such other and further defenses including, but not limited to, affirmative defenses or any counterclaim as it may become aware of in the course of this action.

Dated: August 13, 2010

Respectfully submitted,
Alcoba & Associates, P.A.
**Attorneys for Defendants Coral Gables Galleries, Inc., et al.**
3399 NW 72nd Avenue Suite 211
Miami, FL 33122
Telephone: (305) 362-8118
Facsimile: (305) 436-7429

By: /Ruben Alcoba/
Ruben Alcoba
Florida Bar No. 169160
alcoba@miamipatents.com
Louis R. Gigliotti, Esq.
Florida Bar No. 71935

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using *CM/ECF*. I also certify that the foregoing document is being served this day on all counsel of record and parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by *CM/ECF* or in some other authorized manner for those counselor parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /Ruben Alcoba, Esq./
Ruben Alcoba

Kaari Gagnon, Esq.
Roberto Zarco, Esq.
Zarco Einhorn Salkowski & Brito
100 Southeast 2nd Street, 27th Floor
Miami, Florida 33131
**Attorney for Plaintiffs**
*Via CM/ECF*