UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20579-CIV-SEITZ/O'SULLIVAN

BRITTO CENTRAL, INC., and
ROMERO BRITTO,

    Plaintiffs,

v.

LES ROBERTS, *et al.*,

    Defendants.
_____/

## AGREED PERMANENT INJUNCTION

THIS MATTER is before the Court on Plaintiffs Britto Central, Inc. ("BCI") and Romero Britto ("Plaintiffs") and Defendants Les Roberts, Jr., Les Roberts, III, Silvia Castro, and Coral Gables Galleries, Inc.'s ("Defendants") Stipulation of Dismissal and Agreed Motion for Entry of Permanent Injunction [DE 34]. The parties stipulate to dismissal of this action with prejudice and to entry of a permanent injunction against Defendants, based on the following Findings of Fact and Conclusions of Law:

1. The Court has jurisdiction over all parties and the subject matter of this action and venue is proper in this Court.

2. Plaintiffs allege in the instant action that Defendants are: (a) falsely representing to the public that they are authorized representatives of BCI and/or that Plaintiffs have licensed, approved, sponsored, endorsed or are otherwise affiliated with Defendants' art gallery/art dealer businesses; (b) falsely representing to consumers that they are obtaining original works of Britto from Brazil, through one or more of Britto's relatives; (c) using Plaintiffs' trademarks in producing, creating, forging, copying and selling unauthorized copies of Britto's copyrighted artwork without authorization; (d) copying and counterfeiting Plaintiffs' trademark in connection with the sale of counterfeit artwork that Defendants' are selling as original, authentic pieces of Britto artwork; and (e) passing off such unauthorized works

containing Plaintiffs' trademarks as original, genuine works of Britto, and engaging in other unlawful acts of unfair competition.

3. Defendants do not dispute that: BCI and Britto are the owners of and have used the "Romero Britto," "Britto," and "R. Britto" trademarks and trade names; and Britto is the owner of the backwards RR moniker trademark that he places on the back of all of his original paintings, and is the owner of the trademark of his signature which he places on the back of his paintings, in his paintings, and as an embossment on the certificates of authenticity that come with each of Britto's original works of art.

4. Defendants deny Plaintiffs' allegations that Defendants have violated any of Plaintiffs' intellectual property rights, but agree to the entry of this Order pursuant to the Parties' Settlement Agreement.

5. Defendants acknowledge Plaintiffs' claim that certain pieces of artwork that Defendants sold were confirmed by Plaintiffs to be counterfeit; but Defendants deny that they ever knowingly sold to consumers any actual counterfeit Britto artwork.

Based upon these Findings of Fact and Conclusions of Law, it is

ORDERED that

(1) The parties' Stipulation of Dismissal and Agreed Motion for Entry of Permanent Injunction is GRANTED [DE 34].

(2) Defendants, their respective principals, officers, directors, subsidiaries, agents, servants, employees and all persons acting for, with, by, through, or under them, are hereby permanently enjoined and restrained from:

    a. using Britto's name and reputation to falsely represent to the public that they are authorized representatives of BCI/Britto and/or that Plaintiffs have licensed, approved, sponsored, endorsed or are otherwise affiliated with Defendants' art gallery/art dealer businesses;

    b. representing to consumers that Defendants are obtaining original works of Britto from Brazil, through one or more of Britto's relatives;

    c.      using Plaintiffs' trademarks in producing, creating, forging, copying or selling counterfeit Britto artwork;

    d.      copying or counterfeiting Plaintiffs' trademarks in connection with the sale of counterfeit artwork;

    e.      selling or passing off counterfeit artwork containing the Britto Marks (the Romero Britto, Britto and R. Britto trademarks, the backwards RR moniker trademark and Britto's signature) as original, genuine works of Britto, or otherwise engaging in any other unlawful acts of unfair competition; and

    f.      using or displaying any signage containing Britto's name at Defendants' Coral Gables and Coconut Grove, Florida art gallery businesses.

(3) The Court shall retain jurisdiction to enforce this permanent injunction.

DONE AND ORDERED in Miami, Florida, this 28th day of September, 2010.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    Judge O'Sullivan
       All counsel of record